IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kirkendall Dwyer, LLP and John Doe,  )<br>)<br>Plaintiffs,  )<br>vs.  )<br>)<br>The South Carolina Commission on  )<br>Lawyer Conduct, Christopher G. Isgett, The  )<br>South Carolina Office of Disciplinary  )<br>Counsel, John S. Nichols and Alan Wilson,  )<br>South Carolina Attorney General,  )<br>)<br>Defendants.  ) | C/A No.<br><br><br>**COMPLAINT** |

## INTRODUCTION

1. This is a suit under 42 U.S.C. § 1983 against The South Carolina Commission on Lawyer Conduct, the South Carolina Office of Disciplinary Counsel and the officials responsible for enforcing the attorney advertising provisions of the South Carolina Rules of Professional Conduct. Plaintiffs challenge provisions of the rules that prohibit common and innocuous advertising techniques that have no potential to deceive consumers. These provisions generally prohibit techniques that are widespread in other industries, but that the lawyer disciplinary authorities in South Carolina as either irrelevant to the decision whether to retain a lawyer or factually unverifiable, and therefore unfit for consumption by South Carolina consumers. The state's restrictions on these commonplace advertising techniques are vague, arbitrary, and contrary to U.S. Supreme Court precedent holding that attorney advertising is a form of protected speech that the state can restrict only in furtherance of an important government interest. Plaintiffs seek a declaration that the portions of the rules restricting techniques which would otherwise allow the Plaintiff to promote and advertise itself under the name "Law Tigers" violate the First and Fourteenth Amendments to the U.S. Constitution, as a result of which Plaintiffs further seek an injunction against enforcement of these rules.

1

**JURISDICTION**

2. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the Defendants reside within the District and the events giving rise to the action occurred predominantly within the District.

**PARTIES**

4. Plaintiff Kirkendall Dwyer, LLP is a limited liability partnership organized as a law firm which is based in the State of Texas, but which has branch offices in many states around the United States which participate in an advertising cooperative under the trade name "Law Tigers."

5. Plaintiff John Doe, is any citizen and resident the State of South Carolina, who is also an attorney in good standing licensed to practice law in the State of South Carolina and who would be deprived of the right and ability to practice law with Kirkendall Dwyer, LLP under the trade name "Law Tigers" for the reasons set forth herein below.

6. Upon information and belief, Defendant The South Carolina Commission on Lawyer Conduct ("Commission") is an arm of the South Carolina Supreme Court and was created for the purpose of investigating complaints of misconduct against lawyers licensed to practice law in the State of South Carolina, including misconduct related to alleged violations of the South Carolina Rules of Professional Conduct (the "Rules") and in particular to this case, the Rules pertaining to lawyer advertising.

7. Defendant Christopher G. Isgett is the Chairman of the Commission. At all times relevant hereto, Defendant Isgett was and remains an actor cloaked with the authority of State law whose enforcement of the Rules as described herein has deprived and will deprive the Plaintiffs of their Constitutionally protected rights.

8. Upon information and belief, Defendant The South Carolina Office of Disciplinary Counsel ("ODC") is an arm of the South Carolina Supreme Court and was created for the purpose

2

of investigating complaints of misconduct against lawyers licensed to practice law in the State of South Carolina, including misconduct related to alleged violations of the South Carolina Rules of Professional Conduct (the "Rules") and in particular to this case, the Rules pertaining to lawyer advertising. Defendant ODC is further charged with the responsibility to prosecute complaints against lawyers licensed in South Carolina who are alleged to have violated the Rules.

9. Defendant John S. Nichols is the Chief Disciplinary Counsel of the ODC and is the lead prosecutor in claims of lawyer misconduct before the South Carolina Supreme Court. At all times relevant hereto, Defendant Nichols was and remains an actor cloaked with the authority of State law whose enforcement of the Rules as described herein has deprived and will deprive the Plaintiffs of their Constitutionally protected rights.

10. Defendant Alan Wilson is sued in his capacity as the South Carolina Attorney General and the chief prosecutorial authority in South Carolina.

**FACTUAL ALLEGATIONS**

11. In order to practice law in the State of South Carolina, lawyers must be admitted to practice by the South Carolina Supreme Court and must become members of the South Carolina Bar Association.

12. The South Carolina Rules of Professional Conduct apply to any lawyer practicing in South Carolina, as well as to any lawyer advertising services in the State regardless of Bar membership.

13. Licensed South Carolina lawyers and out-of-state lawyers advertising in SC are required to comply with restrictions on the content of attorney advertising set forth in the Rules. Violations of the rules are grounds for discipline, including public reprimand, suspension, and disbarment. South Carolina Appellate Court Rule 413.

14. Some of the advertising rules are designed to serve the state's legitimate interest in

protecting consumers from false and misleading advertising. Other rules, however, prohibit harmless advertising techniques that are prevalent in the media and that consumers are accustomed to seeing. This second category of rules generally prohibits advertising that the disciplinary authorities consider not objectively relevant to the selection of a lawyer, or subjective and inherently unverifiable. The rules contain many restrictions on speech, including but not limited to the following:

a)  The Rules require that lawyer advertisement may not contain content which is "likely to create an unjustified expectation about the results the lawyer can achieve." Rule 7.1(b).

b)  The Rules prohibit advertisement that contains a "nickname, moniker, or trade name that implies an ability to obtain results in a matter." Rule 7.1(e).

c)  The Rules prohibit advertisement that "compare[s] the lawyer's services with other lawyers' services." Rule 7.1(d).

d)  The Rules prohibit advertisements that are not predominantly information and/or "includes only a minimal amount of content designed to attract attention to and create interest in the communication." Rule 7.2(a).

15. The Defendants are charged with strictly applying and enforcing these rules, prohibiting ads that technically violate the Rules even if there is no possibility that the ads could mislead or otherwise harm consumers.

16. Plaintiff Doe is any lawyer in good standing in the State of South Carolina who would not accept employment with Plaintiff Kirkendall Dwyer, LLP and practice law under the trade name "Law Tigers" for fear of prosecution by the Defendants.

17. By way of example, on or about October 15, 2019, Kirkendall Dwyer, LLP made an employment offer to Madelyn Dukes, an attorney in good standing in the State of South

Carolina.

18. While Ms. Dukes initially accepted the offer of employment, she later rescinded the offer upon learning of a prior disciplinary action against a South Carolina attorney who sought to practice under the Law Tigers name. A copy of the employment contract with the salary redacted is attached hereto as **Exhibit A**.

19. Plaintiff Kirkendall Dwyer, LLP, associates with lawyers in several States under the trade name Law Tigers. Exemplars of the Law Tiger trade name as depicted on the AAMIL website are attached to this Complaint as **Exhibit B**.

20. Given the Defendants' position on the Rules and prior prosecution of attorneys who utilized trade names in the promotion of their practices, Plaintiff Kirkendall Dwyer, LLP has a legitimate fear that it cannot make offers of employment and promote the Law Tigers name in South Carolina because the Defendants, or any of them, would prosecute the Plaintiff and/or its new employee for violating the Rules.

21. Upon information and belief, none of the Rules which the Defendants would utilize to prosecute Plaintiffs for the intended use of the Law Tiger trade name is adequately supported by studies, factual findings, or other evidence demonstrating that they directly advance a legitimate state interest.

22. The Rules are too vague to provide guidance about what kinds of advertisements are prohibited and invite arbitrary and discriminatory enforcement in violation of the First Amendment to the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

23. Plaintiffs have been forced to refrain from developing and running many of its existing advertisements which feature the Law Tigers trade name for fear that the ads would have self-evidently violated the challenged Rules as such Rules have been interpreted and enforced by

the Defendants.

24. Plaintiffs have also been forced to refrain from developing many other ads because the breadth and vagueness of the Rules makes it impossible for the Plaintiffs to determine in advance how the Defendants would interpret the Rules as applied to those ads. Because it would be unduly expensive to develop advertisements for submission only to have them rejected by the Bar, Defendants has been forced to refrain from entering the South Carolina legal marketplace under the Law Tigers brand.

25. The Rules' burdensome prohibitions on speech unconstitutionally restrict a wide range of useful and informative advertising by Plaintiffs and by other lawyers and law firms that has no potential to confuse or deceive consumers. The Rules therefore injure South Carolina consumers, and particularly by those consumers who own and operate motorcycles, by preventing them from receiving truthful, non- misleading information about legal services and legal rights.

26. The advertising techniques prohibited by the Rules serve the important function of attracting consumers' attention and communicating information to consumers who may need legal representation. Some of the prohibited practices, such as statements about quality of services and statements of comparison, are among the most useful information for consumers who may be looking for a lawyer.

27. The Plaintiffs have an interest in protecting the right of South Carolina citizens to receive useful, non-misleading communications from lawyers about their legal rights and the availability of legal services. The Plaintiffs have a further right to engage in commercial speech free from regulation or restriction that is not tailored to protect a legitimate State interest. No such interest exists here, especially as the Rules would apply to the advertisement of legal services under the trade name Law Tigers.

WHEREFORE, Plaintiffs request that this Court:

1. Declare unconstitutional and issue a permanent injunction against the Defendants from the enforcement of:

- Rule 7.1(b) that requires lawyer advertisement may not contain content which is "likely to create an unjustified expectation about the results the lawyer can achieve," as such Rule would be utilized to restrict or prohibit the use of the trade name Law Tigers.

- Rule 7.1(e) that prohibits advertisement that contains the trade name Law Tigers because it is a "nickname, moniker, or trade name that implies an ability to obtain results in a matter."

- Rule 7.1(d) that prohibits advertisement which "compare[s] the lawyer's services with other lawyers' services" to the extent that such Rule could be construed to prevent advertising under the trade name Law Tigers.

- Rule 7.2(a) which prohibits advertisements that are not predominantly information and/or includes more than "a minimal amount of content designed to attract attention to and create interest in the communication" to the extent that such Rule could be construed to prevent advertising under the trade name Law Tigers.

- Any other provision of the Rules which could be construed to prevent advertising under the trade name Law Tigers.

2. Award Plaintiffs their costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and

3. Grant any additional relief to which Plaintiffs are entitled.

Respectfully submitted,

**BLAND RICHTER, LLP**
*Attorneys for Plaintiffs*

s/Ronald L. Richter, Jr.
Ronald L. Richter, Jr. (Federal Bar No. 6264)
s/Scott M. Mongillo
Scott M. Mongillo (Federal Bar No. 7436)
Peoples Building
18 Broad Street, Mezzanine
Charleston, South Carolina 29401
Telephone 843.573.9900
Facsimile 843.573.0200
ronnie@blandrichter.com
scott@blandrichter.com

                                                  <u>s/Eric S. Bland</u>
                                                  Eric S. Bland (Federal Bar No. 5472)
                                                  1500 Calhoun Street
                                                  Post Office Box 72
                                                  Columbia, South Carolina 29202
                                                  Telephone 803.256.9664
                                                  Facsimile 803.256.3056
                                                  ericbland@blandrichter.com

Charleston, South Carolina

June 9, 2020