# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Kirkendall Dwyer, LLP and John Doe,<br><br>Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>Defendants. | Civil Action No. 3:20-2192-JMC<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants The South Carolina Commission on Lawyer Conduct ("Commission") and The South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), answering the First Amended Complaint of the Plaintiffs, allege as follows:[1]

## FOR A FIRST DEFENSE AS TO INTRODUCTION

1. Paragraph 1 of the Plaintiffs' First Amended Complaint contains legal conclusions as to which no response is required. To the extent a response is required, Defendants only admit that the Plaintiffs brought this suit pursuant to 42 U.S.C. § 1983. Any remaining allegations contained in Paragraph 1 are denied.

## FOR A FIRST DEFENSE AS TO JURISDICTION

2. Defendants admit the allegations of Paragraph 2 of the First Amended Complaint.

3. Answering the allegations of Paragraph 3 of the First Amended Complaint, Defendants admit only that both maintain their offices within this District. Defendants lack

---

[1] Defendants Christopher G. Isgett ("Isgett") and John S. Nichols ("Nichols") were dismissed from this action, pursuant to Fed. R. Civ. Proc. 41(A)(1)(a)(i), on August 25, 2020 [DE #19].

sufficient knowledge or information to form a belief as to the truth of the substance of meaning of the allegation that "the events giving rise to the action occurred predominantly within the District," and, therefore deny the same.

## FOR A FIRST DEFENSE AS TO PARTIES

4. Defendants admit, upon information and belief, the allegations of Paragraph 4 of the First Amended Complaint.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint. Therefore, Defendants deny those allegations.

6. Defendants admit the allegations of Paragraph 6 of First Amended Complaint.

7. Defendants admit so much of Paragraph 7 of the First Amended Complaint as alleges, or may be construed to allege, that Isgett is the Chair of the Commission. Defendants further admit that at all times relevant hereto, Isgett remains an actor cloaked with the authority of State law. Except as is specifically admitted herein, the remaining allegations of Paragraph 7 are denied.

8. Defendants admit the allegations of Paragraph 8 of the First Amended Complaint.

9. Defendants admit so much of Paragraph 9 of the First Amended Complaint as alleges, or may be construed to allege, that Nichols is the Court-appointed Disciplinary Counsel and is the lead prosecutor in claims of lawyer misconduct before the South Carolina Supreme Court. Defendants further admit that at all times relevant hereto, Nichols was and remains an actor cloaked with the authority of State law. Except as is specifically admitted herein, the remaining allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 of the First Amended Complaint are inapplicable to Defendants Commission and ODC.

**FOR A FIRST DEFENSE TO THE FACTUAL ALLEGATIONS**

11.     Defendants admit only so much of Paragraph 11 of the First Amended Complaint as alleges that lawyers cannot practice law in South Carolina except by Supreme Court admission. Defendants deny that in order to practice law in the State of South Carolina lawyers must become members of the South Carolina Bar.  By way of further answer to said Paragraph 11, lawyers may practice law in South Carolina under several special rules without becoming a member of the South Carolina Bar.

12.     Defendants admit the allegations of Paragraph 12 of the First Amended Complaint.

13.     Defendants admit the allegations of Paragraph 13 of the First Amended Complaint, subject to the proviso, and by way of additional answer to said allegations, Paragraph 13 does not set forth all of the dispositions, including sanctions, available upon the violation of the Rules of Professional Conduct.

14.     Responding to Paragraph 14 of the First Amended Complaint, Defendants admit only so much of Paragraph 14 as alleges, or may be construed to allege, that the advertising Rules are designed to serve the State's legitimate interest in protecting consumers from false or misleading advertising.  No responses to the allegations of sub-Paragraphs 14 a) through d) are required because the referenced Rules speak for themselves, including the entirety of text and content.  To the extent a response is deemed required to any other allegation in this Paragraph 14 or to sub-Paragraphs 14 a) through d), Defendants crave reference to the Rules and deny any allegations inconsistent with those Rules.  Except as is specifically admitted herein, the remaining allegations of Paragraph 14 of the First Amended Complaint are denied.

15.     Defendants admit so much of Paragraph 15 of the First Amended Complaint as alleges or may be construed to allege the Defendants are charged with applying and enforcing these Rules.  Except as specifically admitted here, the remaining allegations of Paragraph 15 of

the First Amended Complaint are denied.

16. Defendants are without information or belief as to form an opinion as to the truth of the allegations of Paragraph 16 of the First Amended Complaint. Therefore, Defendants deny those allegations.

17. Defendants admit, upon information and belief, the allegations of Paragraph 17 of the First Amended Complaint, with the exception of the phrase "By way of example," which is vague and, as to that phrase, Defendants deny that allegation.

18. Defendants are without information or belief as to form an opinion as to the truth of the allegations of Paragraph 18 of the First Amended Complaint. Therefore, Defendants deny those allegations.

19. Defendants admit, upon information and belief, the allegations of Paragraph 19 of the First Amended Complaint.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint. Therefore, Defendants deny those allegations.

21. Defendants deny the allegations of Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations of Paragraph 22 of the First Amended Complaint.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint. Therefore, Defendants deny those allegations.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint. Therefore, Defendants deny those allegations.

25. Defendants deny the allegations of Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations of Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations of Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations contained in the "Wherefore" Paragraph of the First Amended Complaint.

29. Defendants deny that the Plaintiffs are entitled to the costs, including attorney's fees, as alleged in the final Paragraph 2 of the First Amended Complaint.

30. Defendants deny that the Plaintiffs' are entitled to any additional relief as alleged in the final Paragraph 3 of the First Amended Complaint.

## FOR A SECOND DEFENSE TO THE PLAINTIFFS' CLAIMS

31. Plaintiffs' First Amended Complaint fails to state claims upon which relief can be granted.

## FOR A THIRD DEFENSE TO THE PLAINTIFFS' CLAIMS

32. Plaintiffs lack standing to pursue claims based on any alleged enforcement because Plaintiffs' advertising practices and techniques have not been restricted by the Defendants Commission and ODC.

## FOR A FOURTH DEFENSE TO THE PLAINTIFFS' CLAIMS

33. To the extent Plaintiffs request monetary relief, Defendants are protected from liability and suit by Eleventh Amendment Immunity and the Doctrine of Qualified Immunity.

WHEREFORE, having fully answered and asserted affirmative defenses to the Plaintiffs' First Amended Complaint, Defendants South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Conduct request that the Court dismiss said First Amended

Complaint in its entirety, with prejudice, and that Defendants be granted costs and fees incurred in the defense of this matter.

        s/Susan P. McWilliams
        Susan P. McWilliams      Fed ID No. 3351
        smcwilliams@nexsenpruet.com
        Angus H. Macaulay      Fed ID No. 5248
        AMacaulay@nexsenpruet.com
        Sara S. Svedberg      Fed ID No. 11928
        ssvedberg@nexsenpruet.com
        NEXSEN PRUET, LLC
        1230 Main Street, Suite 700 (29201)
        Post Office Drawer 2426
        Columbia, SC  29202
        PHONE:  803.771.8900
        FACSIMILE:  803.253.8277

        **Attorneys for Defendants The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel**

August 31, 2020
Columbia, South Carolina